# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ARMANDO GUZMAN VELASCO,<br><br>Petitioner,<br><br>v.<br><br>SHANNON DICUS, Sheriff Coroner of San Bernadino County; DAVID MARIN, Director of Los Angeles Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; PAM BONDI, Attorney General of the United States; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>Respondents. | Case No. 5:26-cv-01307-JWH-PD<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* MOTION FOR PRELIMINARY INJUNCTION [ECF No. 6]** |

Before the Court is the *ex parte* Motion of Petitioner Luis Armando Guzman Velasco for a Temporary Restraining Order (a "TRO") to enjoin Respondents Shannon Dicus, David Marin, Kristi Noem, Pam Bondi, the Executive Office for Immigration Review, the United States Department of Homeland Security, and the San Bernardino County Sheriff's Department[1] from continuing to detain him, allegedly in violation of his Due Process rights.[2]  The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in response,[3] the Court **GRANTS** Guzman Velasco's Motion, for the reasons set forth below.

## I. BACKGROUND

**A.    Factual Allegations**

Guzman Velasco, a citizen of Mexico, entered the United States in or about 2007 without a visa.[4]  Law enforcement arrested Guzman Velasco in Los Angeles, California, on or about March 6, 2026, and, the following day, law enforcement transferred Guzman Velasco to the custody of immigration

---

[1]    The Court notes that the state government Respondents Shannon Dicus and the San Bernardino County Sheriff's Department have not filed an appearance in this action.  Furthermore, the Court is unsure what role the state government Defendants play with respect to Guzman Velasco's detention.

[2]    Pl.-Pet.'s Second *Ex Parte* Appl. for TRO (the "Motion") [ECF No. 6]

[3]    The Court considered the documents of record in this action, including the following papers:  (1) Motion; (2) Resps.-Defs.' Response to the Motion (the "Response") [ECF No. 9]; (3) Pl.-Pet.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 10]; and (4) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[4]    The Petition contains statements that Guzman Velasco is a citizen of Guatemala, Petition ¶ 13, and that he is a citizen of Mexico, *id.* at ¶ 21.  In his other papers, Guzman Velasco represents that he is a citizen of Mexico.  *See* Motion 5, Reply 2:2-4.  Accordingly, the Court understands Guzman Velasco to represent that he is a citizen of Mexico.

-2-

authorities.[5] Guzman Velasco is currently detained at the Desert View Annex Detention Facility in Adelanto, California.[6] Guzman Velasco alleges that Respondents Executive Office of Immigration Review and Department of Homeland Security concluded that he is subject to mandatory detention and that those agencies have refused to release him.[7] Guzman Velasco further alleges that he "is unable to obtain review of his custody by an [immigration judge ('IJ')], pursuant to the Board's decisions in *Matter of Yajure Hurtado*, 29, I&N Dec. 216 (BIA 2025) and *Matter of Q. LI*, 29 I&N Dec. 66 (BIA 2025)."[8]

## B.    Procedural History

On March 19, 2026, Guzman Velasco filed the instant Petition, and six days later he filed the instant Motion for a TRO.  In his Motion, Guzman Velasco seeks the following relief:

- release Guzman Velasco immediately; and
- enjoin Respondents from re-detaining Guzman Velasco unless Respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that Guzman Velasco is a flight risk or danger to the community such that his physical custody is legally justified.[9]

## II.  LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A preliminary injunction is an

---

[5]    Petition ¶ 21.

[6]    *Id.* at ¶ 7.

[7]    *Id.* at ¶¶ 1 & 2.

[8]    *Id.* at ¶ 13.

[9]    Motion 4.

-3-

extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"The court may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. Pro. 65(a)(1).

### III. ANALYSIS

Here all parties are on notice and Respondents have been given the opportunity to respond in writing to Guzman Velasco's Motion. Accordingly, the Court treats Guzman Velasco's Motion as a request for a preliminary injunction and **GRANTS** it for the reasons set forth below.

Guzman Velasco argues that Respondents violated his statutory and procedural Due Process rights by refusing to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). The Court concludes that Guzman Velasco satisfies the *Winter* factors with respect to that argument and, therefore, that the issuance of a preliminary injunction is appropriate.

## A.      Likelihood of Success on the Merits

Guzman Velasco contends, and Respondents do not appear to contest,[10] that he is subject to detention under 8 U.S.C. § 1226.  Accordingly, the Court concludes that Guzman Velasco is likely to succeed on the merits of his argument that his detention is governed by 8 U.S.C. § 1226(a) and that he is therefore unlawfully subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2).  The Court agrees with the vast majority of other courts in this District that have considered this issue and concludes that 8 U.S.C. § 1226(a) applies to Guzman Velasco's detention and that there is no conflict between 8 U.S.C. § 1226(a) and § 1225(b)(2).  *See, e.g.*, *Yuriana Julia Pelaez Calderon v. Kristi Noem et al.*, Case No. 5:25-cv-02633-JWH-AS (C.D. Cal. Oct. 24, 2025); *Arreola Armenta v. Noem*, Case No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Zaragoza Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Ceja Gonzalez v. Noem*, Case No. 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); and *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025).

Section 1226 "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal" but who are awaiting "a decision on whether [they] are to be removed from the United States," such as Guzman Velasco.  *See Rodriguez Diaz v. Garland*, 53

---

[10]     *See* Response 2:7-12 (contending that Guzman Velasco is a member of "the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).").

-5-

F.4th 1189, 1196 (9th Cir. 2022).  It is well established that "[f]ederal regulations provide that aliens detained under [8 U.S.C.] § 1226(a) receive bond hearings at the outset of detention."  *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 1236.1(d)(1)).  Section 1226 expressly subjects noncitizens who have been convicted of certain crimes to mandatory detention without eligibility for bond.  *See* 8 U.S.C. § 1226(c).  A 2025 amendment expanded the group of noncitizens subject to mandatory detention for criminal reasons under 8 U.S.C. § 1226 by providing that even if a noncitizen has never been convicted of a crime, he is ineligible for bond if he:  (1) is inadmissible for, *inter alia*, being present in the United States without being admitted or paroled; and (2) has been arrested for or charged with "any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E)(ii).  Respondents do not argue that Guzman Velasco qualifies for mandatory detention under 8 U.S.C. § 1226(c)(1)(E)(ii); therefore, he is eligible for a bond hearing under 8 U.S.C. § 1226(a).

Thus, the question is whether 8 U.S.C. § 1225(b)(2) also applies to Guzman Velasco's detention, creating an irreconcilable conflict with 8 U.S.C. § 1226(a).  Section 1225(b)(2) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that ***an alien seeking admission*** is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal proceeding]."  8 U.S.C. § 1225(b)(2)(A) (emphasis added).

Under 8 U.S.C. § 1225(a)(1), an "applicant for admission" is any noncitizen "present in the United States who has not been admitted or who arrives in the United States."  While Guzman Velasco may fit the statutory definition of "applicant for admission," the Court concludes that he is not "an alien seeking admission" based upon the statute's plain language and the

-6-

presumption that Congress did not intend to create a conflict between adjacent sections of the same statute.

A court must make "every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Shulman v. Kaplan*, 58 F.4th 404, 410-11 (9th Cir. 2023). Here, interpreting 8 U.S.C. § 1225(b)(2) to apply to Guzman Velasco would render it in conflict with 8 U.S.C. § 1226(a) and would make superfluous the additional exclusions set forth in 8 U.S.C. § 1226(c)(1)(E)(ii). Instead, the Court concludes that conflicts are avoided by interpreting 8 U.S.C. § 1225(b)(2) and § 1226(a) to apply to different sets of noncitizens—those "seeking admission" compared to those already in the country who are arrested and detained. *See, e.g.*, *Jennings*, 583 U.S. at 281, 297 (noting that 8 U.S.C. § 1226 applies to "certain aliens already in the country," while 8 U.S.C. § 1125(b) "applies primarily to aliens seeking entry into the United States").

Accordingly, because 8 U.S.C. § 1226(a) likely governs Guzman Velasco's detention, the Court concludes that he is likely to succeed on the merits of his claim.

**B.    Irreparable Harm**

With respect to likelihood of irreparable harm, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Guzman Velasco would be immediately and irreparably harmed by continued deprivation of his liberty without the bond hearing to which he is entitled under 8 U.S.C. § 1226(a). *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that

irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

**C.      Balance of Equities and Public Interest**

Finally, regarding the balance of the equities and public interest, the Court concludes that, because Guzman Velasco challenges a policy that is likely in violation of federal law, both the equities and the public interest favor the issuance of a preliminary injunction. *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."). Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court finds that both factors weigh in favor of Guzman Velasco.

Thus, because the *Winter* factors all weigh in Guzman Velasco's favor, the Court **GRANTS** Guzman Velasco's Motion. However, the Court agrees with Respondents that the proper remedy here is to order a bond hearing pursuant to 8 U.S.C. § 1226(a). Guzman Velasco does not present any argument why the appropriate remedy for his lack of a 8 U.S.C. § 1226(a) bond hearing should be immediate release. Guzman Velasco worries that if he is given a bond hearing, the IJ will deny bond.[11] To the extent that Guzman Velasco is concerned that the IJ will refuse to conduct a 8 U.S.C. § 1226(a) bond hearing

---

[11]    Reply 2:17-3:3. Guzman Velasco apparently contends that recent guidance from Chief Immigration Judge Teresa L. Riley will result in the automatic denial of his bond. In support of that contention, Guzman Velasco attached to his Reply what appears to be a screenshot of an email. *See* Reply, Ex. 1 [ECF No. 10-1]. However, the Court cannot decipher the contents of the email due to the poor image quality.

on the merits, this Order obviates that concern because the Court **ORDERS** Respondents to conduct a 8 U.S.C. § 1226(a) bond hearing on the merits within seven days of the issuance of this order.  To the extent that Guzman Velasco argues that IJs have agreed to violate procedural Due Process by determining that he is ineligible for bond before conducting an appropriate hearing, the Court concludes that such an argument is not properly before it at this time. Accordingly, the appropriate remedy for Guzman Velasco's alleged violation is an individualized bond hearing on the merits.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Guzman Velasco's instant Motion [ECF No. 6] is **GRANTED**.

2.      Respondents are **PRELIMINARILY ENJOINED** from continuing to detain Guzman Velasco unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) no later than April 14, 2026.

3.      Pursuant to General Order No. 05-07, further proceedings on the merits of Guzman Velasco's Petition are **REFERRED** to the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated:___April 7, 2026___

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE