# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LUIS ARMANDO GUZMAN VELASCO,

Petitioner,

v.

SHANNON DICUS, *et al.*,

Respondents.

Case No. 5:26-cv-01307-JWH-PD

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

A # 246-060-748

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition requesting that Petitioner Luis Armando Guzman Velasco be released unless he receives a bond hearing within seven days, this Court's April 7, 2026, Order granting Guzman Velasco's motion for preliminary injunction and requiring Respondents to provide Guzman Velasco with an individualized bond hearing within seven days, Guzman Velasco's Motion to Enforce the District Court's Order, the records on file, and the Report and Recommendation of United States Magistrate Judge.[1] Further, the Court has engaged in a *de novo* review of those portions of the R&R to which objections have been made.

In this habeas action challenging immigration detention, the R&R recommends the denial of Guzman Velasco's Motion to Enforce the Court's April 7, 2026, Order, which required an individualized bond hearing before an immigration judge ("IJ").[2] At the hearing, the IJ denied Guzman Velasco's request for bond after finding that Guzman Velasco is a danger to the community, based upon Guzman Velasco driving without a license for 13 years and his recent arrest for driving under the influence.[3] Guzman Velasco's objections to the R&R do not merit a different result.

As an initial matter, Guzman Velasco requests that the Court consider his objections even though they were untimely.[4] Under its inherent power to control its docket, the Court has the discretion to strike objections that are untimely. *See Lambert v. Dennis*, 737 F. App'x 354, 355 (9th Cir. 2018). The deadline to file objections was October 2, 2026, but Guzman Velasco's counsel

---

1 Report and Recommendation (the "R&R") [ECF No. 22].

2 *See id.*

3 Not. of Lodging Additional Documents in Supp. of Mot., Ex. 1 [ECF No. 14-1] 1-2.

4 Pet.'s Obj. to the R&R (the "Objection")[ECF No. 24] 6:8-7:27.

filed them on October 19, 2026.[5] Despite the untimeliness of the objections, the Court exercises its discretion to consider them.

Guzman Velasco objects that the R&R's "exhaustion analysis should distinguish the two appeals."[6] The two appeals are an appeal of a removal order and an appeal of the IJ's adverse bond determination.[7] Although Guzman Velasco has appealed his removal order with the Board of Immigration Appeals, he appears not to have appealed the IJ's adverse bond determination, which is at issue here.[8] However, the significance of that distinction is not apparent. The R&R did not rely on lack of exhaustion to recommend denial of Guzman Velasco's Motion to Enforce as to the IJ's bond determination. Rather, the R&R found that, "even if the Court were to waive exhaustion, Guzman Velasco's challenge to his bond hearing would not succeed[.]"[9] Because the exhaustion issue is not dispositive of any recommendation made by the R&R, it is not necessary to consider that issue further.

Guzman Velasco objects that the prospective remedy needs "an individualized constitutional foundation."[10] The prospective remedy is the R&R's recommendation that Guzman Velasco be afforded a bond hearing under *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015).[11] Guzman Velasco "supports" that recommendation but requests additional "reasoning" for it based upon due process principles, and he asks the Court to "make findings

---

[5] *See* Not. of Lodging Recording of Immigration Bond Hearing [ECF No. 20]; Objection.

[6] Objection 8:2-19.

[7] *Id.*

[8] *Id.* at 5:3-6:7.

[9] R&R 8:20-22.

[10] Objection 8:20-10:26.

[11] R&R 12:25-13:1.

identifying the evidence supporting its conclusion."[12] The Court declines to supply additional reasoning for a remedy that the Court finds appropriate and that neither party opposes. If the Court orders a *Rodriguez* bond hearing, the parties must comply with that order regardless of whether either party disagrees with its reasoning. *See Adriana Intern. Corp. v. Theoren*, 913 F.2d 1406, 1411 (9th Cir. 1990) ("Disagreement with the court is not an excuse for failing to comply with court orders."). The Court will order a *Rodriguez* bond hearing because the Court agrees with the R&R that such a hearing is warranted, given that Guzman Velasco's period of detention has now exceeded 180 days.[13]

Guzman Velasco objects that the Court "should separate enforcement from prospective relief."[14] Guzman Velasco appears to be arguing that he is not seeking "enforcement" of the Court's order requiring a future bond hearing, but, instead, he is seeking "prospective relief" based upon "continued confinement now" or "subsequent continued detention."[15] Guzman Velasco may challenge his continued detention at the *Rodriguez* bond hearing.

Finally, Guzman Velasco requests "immediate release as the primary remedy" or, in the alternative, an individualized bond hearing within seven days after the entry of this Order.[16] As the basis for this requested relief, Guzman Velasco now seeks to file a "supplemental claim," under Rule 15(d) of the Federal Rules of Civil Procedure, alleging a due process violation from his continued detention following the IJ's adverse bond determination on April 14,

---

12 Objection 8:20-9:27.

13 R&R 12:25-28.

14 Objection 10:7-26.

15 *Id.*

16 *Id.* at 11:1-12:19.

2026.[17] The Court denies Guzman Velasco leave to file a supplemental claim. In the first place, the Court is not required to consider supplemental factual allegations raised for the first time in objections to the R&R. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Moreover, it is improper for Guzman Velasco to seek to raise a supplemental claim under Rule 15(d) because he seeks to raise "a new and distinct action that should have been the subject of a separate suit." *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Guzman Velasco's supplemental claim should be the subject of a separate lawsuit because he is no longer challenging the administrative determination reached in his original Petition, but, instead, he seeks to initiate a new habeas action challenging his detention for reasons unrelated to his original action. *See Flores v. Taylor*, 2023 WL 7626587, at *1 (E.D. Cal. Nov. 14, 2023) ("No habeas petitioner can challenge different determinations, regardless of whether they were judicial or administrative, in a single action.") (citing Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (Rules may be applied to habeas actions filed under 28 U.S.C. § 2241) (citing Rule 1(b)).

For those reasons, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's R&R is **ACCEPTED** and **ADOPTED**.

2. Guzman Velasco's Motion to Enforce the Court's April 7, 2026, Order is **DENIED**.

3. Guzman Velasco (A # 246-060-748) is **GRANTED** a *Rodriguez* bond hearing at which the Government will bear the burden to demonstrate by clear and convincing evidence that Guzman Velasco is a danger or flight risk.

---

[17] *Id.*

Respondents are **DIRECTED** to provide Guzman Velasco with a *Rodriguez* bond hearing no later than November 20, 2026.

4. Respondents are also **DIRECTED** to file a Status Report no later than November 30, 2026, in which they detail their efforts to comply with this Order, including the outcome of the *Rodriguez* bond hearing.

**IT IS SO ORDERED.**

Dated: November 5, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE